DANIEL J. BRODERICK, Bar #89424
Federal Defender
CARO MARKS, Bar #159267
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone: (916) 498-5700

Attorney for Defendant
JUAN MORA-LOPEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. CR. S-11-463-LKK |
|---|---|
| Plaintiff, | ) |
| | ) **STIPULATION AND ORDER** |
| v. | ) **CONTINUING STATUS CONFERENCE** |
| | ) **AND EXCLUDING TIME** |
| JUAN MORA-LOPEZ, | ) |
| | ) Date: July 17, 2012 |
| Defendant. | ) Time: 9:15 a.m. |
| _____ | ) Judge: Hon. Lawrence K. Karlton |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, MICHELE BECKWITH, Assistant United States Attorney, attorney for Plaintiff, and CARO MARKS, attorney for JUAN MORA-LOPEZ, that the status conference hearing date of May 30, 2012 be vacated, and the matter be set for status conference on July 17, 2012 at 9:15 a.m.

The reason for this continuance is to allow the defense additional time to complete sworn Declarations from witnesses with personal knowledge, which support the defendant's claim of United States citizenship derivatively, through his father.

The defendant's prior Stipulations explained in detail the gist of the defendant's claim to derivative citizenship, and the means by which

the defense must prove these claims. Thus far, every single witness with personal knowledge supporting the defendant's citizenship claim speaks only Spanish and/or resides in Mexico or Puerto Rico, making the process of locating and interviewing these witnesses more difficult than if they were in California. The existence of key Spanish-speaking witnesses in Mexico and Puerto Rico requires advance scheduling of telephone calls with the Federal Defender's Staff Interpreter. Once the defense ascertains that a witness possesses sufficient personal knowledge to support a sworn statement, the defense must then schedule the telephone interview with both its Staff Interpreter and the witness, with international (and some domestic) time changes making this task even more challenging.

Also, the defendant was suddenly moved by the U.S. Marshal Service from Sacramento County Jail to the county jail in Oroville. That will further delay completion of the defense task, as it is now much more difficult to consult with the defendant than it was before he was moved.

The defense immigration attorney specialist is still working with the defense team. She has completed almost all her research, and is assisting the defense in drafting the necessary sworn statements. As the defense observed in a prior Stipulation, establishing derivative citizenship is a lengthy, arduous process. It can take longer than one year to amass the required evidence, which must then be reviewed by the United States before presentation to Immigration authorities.

Based upon the foregoing, the parties agree that the time under the Speedy Trial Act should be excluded from the date of signing of this order through and including July 17, 2012 pursuant to 18 U.S.C. §3161 (h)(7)(A)and (B)(iv)[reasonable time to prepare] and Local Code

T4 based upon continuity of counsel and defense preparation.

DATED:  May 24, 2012.                    Respectfully submitted,

                                         DANIEL J. BRODERICK
                                         Federal Public Defender


                                         /s/ Caro Marks
                                         CARO MARKS
                                         Designated Counsel for Service
                                         Attorney for Juan Mora-Lopez

DATED:  May 24, 2012.                    BENJAMIN WAGNER
                                         United States Attorney


                                         /s/ Caro Marks for
                                         MICHELE BECKWITH
                                         Assistant U.S. Attorney
                                         Attorney for Plaintiff


                                ORDER

     UPON GOOD CAUSE SHOWN and the stipulation of all parties, it is ordered that the May 30, 2012, status conference hearing be continued to July 17, 2012, at 9:15 a.m.  Based on the representation of defense counsel and good cause appearing there from, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.  It is ordered that time up to and including the July 17, 2012 status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act

1 pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T-4,
2 to allow defense counsel reasonable time to prepare.
3 Dated: May 29, 2012

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4